AUDREY KRAMER,
2364 Redwood Road
Hercules, CA 94547

Plaintiff, IN PRO PER

FILED

JUN - 3 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY KRAMER, PRO PER,<br><br>            Plaintiff,<br>vs.<br><br>JPMORGAN CHASE BANK, N.A., KENT F. LARSEN ESQ., SMITH LARSEN & WIXOM, AND DOES 1 THROUGH 25 INCLUSIVE,<br><br>            Defendants. | Case No.:<br><br>C 21-04266 PJH<br><br>**VERIFIED COMPLAINT FOR:**<br><br>1. INDEPENDENT ACTION FOR RELIEF FROM JUDGMENT TO REMEDY FRAUD UPON THE COURT UNDER Fed. R. Civ. P. 60 (d)(3)<br>2. EXTRINSIC/INTRINSIC FRAUD<br>3. DAMAGES<br><br>***DEMAND FOR JURY TRIAL*** |

Plaintiff and Party Interest, AUDREY KRAMER alleges as follows:

-1-

I

PRELIMINARY STATEMENT

Fed. R. Civ. P. 60(d)(3) sets forth grounds upon which the Court may relieve a party from a final judgment or order. Rule 60(d)(3) explains that "[t]his rule does not limit a court's power to set aside a judgment for fraud on the court." Rule 60(d)(3) is a codification of the Court's "inherent power … to investigate whether a judgment was obtained by fraud." Universal Oil Products Co. v. Root Ref. Co., 328 U.S. 575, 580 (1946). "There is no statute of limitations for fraud on the court. And jurisdiction exists to consider such a claim even if there are no adversary parties then present before the court." Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 640 n.10 (N.D. Cal. 1978) aff'd, 645 F.2d 699 (9th Cir. 1981).

The fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court. *Please see,* Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978). Here, Attorney **Kent F. Larsen Esq. Nevada Bar No. 3463**, an Officer of the Court, knowingly, purposely and intentionally provided false and fabricated "Assignment of Deed of Trust" as evidence to obtain judgment in the United States District Court District of Nevada to conduct non-judicial foreclosure of Plaintiff's real property. Chase recorded false "Assignment of Deed of Trust" on or about April 10, 2018, approximately (6) six months <u>after</u> Notice of Default ("NOD") was filed and recorded against Plaintiff's property, and (10) ten years <u>after</u> Washington Mutual Bank ("WAMU"), the only named party on Plaintiff's Deed of Trust, went into receivership with the Federal Deposit Insurance Corporation ("FDIC") on September 25, 2008. SEE **PLAINTIFF'S <u>EXHIBIT "A"</u>: "ASSIGNMENT OF DEED OF TRUST"** ALSO, SEE **PLAINTIFF'S EXHIBIT "F" NOTICE OF DEFAULT (DOC #: 571145)**

Additionally, Attorney Kent Larsen, an Officer of the Court, knowingly, purposely and intentionally provided **expired** Limited Power Of Attorney ("LPOA") as evidence to deceptively lend support to fake fabricated "Assignment of Deed of Trust in an effort to further mislead the United States District Court to obtain judgment to conduct non-judicial foreclosure and sale of

-2-

1  Plaintiff's property. The "LPOA" in fact **expired** on April 3, 2011, approximately (6 years and 7
2  months) prior to the filing of the unlawful Notice Of Default ("NOD") filed against Plaintiff's
3  property on or about October 6, 2017. SEE **PLAINTIFF'S EXHIBIT "E":** **[CHASE'S**
4  **MOTION TO DISMISS--EXHIBIT-J, "LPOA" PG 30, PARAGRAPH 3, LINES 1-2]**,
5  WHERE IT SAYS, *"This Limited Power of Attorney shall be effective from April 3, 2009 and*
6  *shall continue in full force and effect through April 3, 2011"*.
7  ALSO, SEE **PLAINTIFF'S EXHIBIT "F":** NOTICE OF DEFAULT (DOC #: 571145)

Fraud on the court embraces "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Anand v. CITIC Corp. (In re Intermagnetics Am., Inc.), 926 F.2d 912, 916 (9th Cir. 1991). The inquiry must focus upon "whether the alleged fraud harms the integrity of the judicial process": '[T]ampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot.

This independent action is brought under Fed. R. Civ. P. Rule 60(d)(3) and Fed. R. Civ. P. 60(b)(3) for relief from judgment to Remedy Fraud Upon The Court that was committed on or about (April 10, 2018) the date the fraudulent "Assignment Deed of Trust" document (DOC#: 578946) was recorded through (May 17, 2018) the date the District Court issued its' ruling concerning the real property commonly described as: 1740 Autumn Glen Street, Fernley, NV 89408, ("the subject property"), and more fully legally described as:

> **Lot 62, SD UPLAND RANCH ESTATE UNIT NO. 7. ACCORDING TO MAP THEREOF, FILED AS DOCUMENT NO 315377, ON MARCH 9, 2004, COUNTY OF LYON, STATE OF NEVADA**

**Bearing APN:  022-052-02 in Lyon County, State of Nevada**

Plaintiff recently discovered the Fraud committed upon the Court when Plaintiff hired a reputable licensed private Investigator, William J. Pataalo, to inquire whether Washington Mutual

Bank assigned any interest in the subject real property to JPMorgan Chase Bank, N.A. The discovery of the Fraud Upon the Court **did not** predate the judgment of May 17, 2018, which Plaintiff seeks to vacate.

Mr. Kent Larsen, an Officer of the Court, and JPMORGAN CHASE BANK, N.A., a national association's fraud upon the court involved an unconscionable plan or scheme which is designed to improperly influence the court in its decision by knowingly filing false "**Assignment of Deed of Trust**" and deceitfully represented to United States District Court, to deprive Plaintiff, and Party In Interest, Audrey Kramer, of all her beneficial and pecuniary interest in the subject real property. SEE **PLAINTIFF'S EXHIBIT "D" CHASE'S FALSE ASSIGNMENT**

For remedy concerning unconscionable plan or scheme which is designed to improperly influence the court, *please see,* Abatti v. Commissioner, 859 F.2d 115, 118 (9th Cir.1988).

Plaintiff will show by clear and convincing evidence that MR. KENT LARSEN, an Officer of the Court, SMITH LARSEN & WIXOM, a law corporation, and JPMORGAN CHASE BANK, N.A., a national association, intentionally, purposely and knowing filed False Evidence in the United States District Court District of Nevada in their zeal and unconscionable schemes to induce the United States District Court to believe that Defendants were entitled to Plaintiff's real property when Defendants knew that to be false. Plaintiff will further show by this complaint, that the District Court relied on Defendants' false evidence, deceit, and willful misrepresentation by the Defendants *Ibid*, when it rendered judgment in favor of the Defendants on May 17, 2018.

Plaintiff will show, by clear and convincing evidence that, Mr. Kent Larsen, an Officer of the Court, and JPMORGAN CHASE BANK, N.A's orchestrated unconscionable schemes to deceive this court and made misrepresentations directed at the judicial machinery in their schemes to deprive Plaintiff, AUDREY KRAMER of the use and enjoyment of her real property without any justifiable legal reason. Plaintiff is not JP Morgan Chase Bank's Judgment debtor and Plaintiff is not indebted to JPMorgan Chase Bank. Furthermore, JPMorgan Chase Bank was not a Party to the $176,000.00 Revolving Line of Credit to which JP Morgan Chase Bank now claim

interest without demonstrating that Washington Mutual Bank assigned JP Morgan Chase Bank any of its contractual rights in the revolving line of credit nor can JPMorgan Chase Bank demonstrate that FDIC conferred upon JPMorgan Chase Bank any interest in the Revolving Line of Credit Ibid.

Rule 60(d)(3) provides that "[t]his rule does not limit a court's power to . . .set aside a judgment for fraud on the court". Rule 60(d)(3) is a codification of the Court's "inherent power … to investigate whether a judgment was obtained by fraud." Therefore, relief based on fraud on the court is not subject to the one-year time limit.

Further, the Supreme Court has noted that relief from judgment for fraud on the court is "available to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998).

## II
## PARTIES

1. Plaintiff, and Party In Interest, AUDREY KRAMER, ("Plaintiff"), is now, and at all times relevant to this action, domiciled in County of Contra Costa, State of California. Plaintiff is the rightful owner and acquired as Joint Tenant, with right of survivorship, the real property commonly describe as: 1740 Autumn Glen Street, Fernley, NV 89408, ("the subject property"), and more fully legally described as:

> Lot 62, SD UPLAND RANCH ESTATE UNIT NO. 7. ACCORDING TO MAP THEREOF, FILED AS DOCUMENT NO 315377, ON MARCH 9, 2004, COUNTY OF LYON, STATE OF NEVADA

**Bearing APN:  022-052-02 in Lyon County, State of Nevada**

2. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned in this Complaint, Defendant, JPMORGAN CHASE BANK, N.A, a national association, Corporate Headquarters is located in the State of New York.

3. Plaintiff is informed and believes and thereon alleges that Defendant, KENT F. LARSEN ESQ resides and conducts business in the States of Nevada.

4. Plaintiff is informed and believes and thereon alleges that at all relevant

times mentioned in this Complaint, Defendant, SMITH LARSEN & WIXOM, is a Law Corporation, organized and existing under the laws of the State of Nevada.

5. The true names, identities, and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 25 are unknown to Plaintiff, who, therefore, sues said Defendants by such fictitious names. When the true names, identities, and capacities of said Defendants are ascertained, Plaintiff will seek leave to amend this complaint accordingly. Each of the Defendants designated herein as a DOE is responsible negligently, intentionally, tortuously or in some other actionable manner including, but not limited to, the causes of action alleged herein, for the events referred to herein, and caused damages to Plaintiff as herein alleged.

6. At all relevant times discussed herein each Defendant, including those fictitiously named, was the agent, employee, and servant of all the remaining Defendants; and, in doing the things alleged herein, was acting within the course and scope of said agency and employment. Unless specifically indicated otherwise, all references in this complaint to Defendants, Kent F. Larsen Esq., Smith Larsen & Wixom, and JPMorgan Chase Bank, N.A., shall also refer to their agents, officers, directors, managers, and employees, and to all fictitiously named Defendants.

II

**STATEMENT OF JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the acts complained of raise federal question under the Constitution and the laws of the United States. Furthermore, Plaintiff does not reside or domicile in the same state as any of the Defendants.

8. Venue is proper in this court because the fraud committed by the Defendants was practiced in United States district and the injuries occasioned by the fraud were suffered in this district by named Plaintiff.

## III
## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about June 02, 2005, (hereinafter referred to as "Closing Date"), Audrey Kramer and her husband entered into a consumer credit transaction with, PAUL FINANCIAL, LLC, by obtaining a One Hundred Sixty Three Thousand Five Hundred dollars (US$163,500.00) mortgage loan secured by the DEED OF TRUST of Plaintiff's real property commonly described as: 1740 Autumn Glen Street, Fernley, NV 89408 ("the Subject Property"). The true and correct copy of the Deed of Trust is attached hereto as Plaintiff's **EXHIBIT "A"** and incorporated herein by reference as if set forth in full herein. The Deed of Trust provides that Plaintiff hold interest in the subject real property in Joint Tenancy with right of survivorship.

10. Plaintiff performed all terms, covenants, and conditions required of her under the Deed of Trust, *Ibid*. The subject property is a modest, 3 bedroom, 2 bath, ranch-style, single family, single level home that was ultimately intended to become Plaintiff's retirement home. Plaintiff and her husband who are both in their mid to late 60's, each with serious health issues, consider the subject property to be important and unique to them for the reasons as stated above. Plaintiff's right to the real property is sacrosanct.

11. Plaintiff is informed and believes, and thereon alleges that PAUL FINANCIAL, LLC is now a defunct financial institution. Notwithstanding, Plaintiff further alleges that, PAUL FINANCIAL, LLC, did not assign any contractual rights to any of the above- named Defendants or to their predecessors. None of the above referenced Defendants or their predecessors is a third-party beneficiary under the contract which secured Plaintiff's Note and deed of trust.

12. Subsequently, on or about 05/01/2008, Plaintiff used the subject property

as collateral to obtain the revolving line of credit in the amount of One Hundred Seventy Six Thousand dollars (US$176,000.00) from WASHINGTON MUTUAL BANK, *also defunct banking institution;* for the maintenance of the subject property and for the purchase of other household goods.  The true and correct copy of the revolving line of credit is attached hereto as Plaintiff's **EXHBIT "B"** and incorporated herein by reference as if set forth in full herein.

13.    Plaintiff performed all terms, covenants, and conditions required of them under the revolving line of credit, except for those terms, covenants, and conditions the performance of which was either waived or rendered impossible by Washington Mutual Bank because Washington Mutual Bank breached the material terms of the Revolving line of credit.  Further, Washington Mutual became a defunct Banking institution just a few months after executing the Revolving Line of credit agreement.

14.    It was approximately three (3) years after Plaintiff purchased the subject property they obtained the 'Revolving' Line of Credit from Washington Mutual Bank (WAMU).  The Revolving Line of Credit had a maximum credit limit of $176,000, and functioned much like that of a Credit Card.  Plaintiff <u>did not</u> have a traditional mortgage loan or mortgage note with WAMU, they instead had what WAMU referred to as a '<u>Credit Agreement</u>' Contract, whereby, under the 'Credit Agreement' it reads: *"The Grantor (Plaintiff) may borrow, repay and re-borrow from time to time, up to the maximum credit limit of $176,000."*  SEE **PLAINTIFF'S EXHIBIT "B"**, a true and correct copy of WAMU Credit Agreement [see pg (2) of 1- 7 pages, sect. (2), lines (7-9)].

15.    Plaintiff performed all terms, covenants, and conditions required of them under the Revolving Line of Credit *Ibid*, except for those conditions the performance of which was either waived or rendered impossible by WAMU's breach and failure to perform its obligation under the

credit agreement of the Revolving Line of Credit. *Ibid.* On September 25, 2008, WAMU became a defunct banking institution approximately 6 months after the execution of the Revolving Line of Credit Agreement. *Ibid.*

16. At <u>no</u> time did Plaintiff ever access the maximum Credit limit of $176,000. This was due in part because on September 25, 2008, approximately (5 ½) five and a half months after Plaintiff entered into the Revolving Line of Credit Agreement with WAMU, the bank was seized by the Federal Deposit Insurance Corporation (FDIC). This bank 'seizure' event, in and of itself, caused a breach of the 'Credit Agreement' Plaintiff had with WAMU, because Plaintiff no longer had the ability to access funds, repay funds and re-borrow funds, as was provided within the original contractual 'Credit Agreement'.

17. Soon after WAMU originated Plaintiff's line of credit, Plaintiff is informed and believes, and the Private Investigator Report revealed that WAMU transferred all beneficial interest in Plaintiff's Revolving Line of Credit to private investor/s through the sale and securitization of the line of credit prior to the WAMU going into receivership with the FDIC on September 25, 2008.

18. On or about April 10, 2018, Attorney **Kent F. Larsen Esq. Nevada Bar No. 3463**, an Officer of the Court, JPMorgan Chase Bank, N.A., and Smith Larsen & Wixom, a law corporation, knowingly, purposely, and intentionally recorded and thereafter, falsified and fabricated an "Assignment of Deed of Trust" as evidence to obtain judgment in the United States District Court to conduct non-judicial foreclosure of Plaintiff's real property and falsely claimed that on April 4, 2018, ***"For value received, Washington Mutual Bank, a Federal Association the undersigned corporation hereby grants, assigns and transfers to JPMorgan Chase Bank, National Association………………….."*** SEE **PLAINTIFF'S EXHIBIT "D"**. This fraudulent assignment of Plaintiff' Deed of Trust was signed by Debbie A. Swayzer--purporting to be Vice President of JPMorgan Chase Bank, as ***Attorney in Fact for the Federal Deposit Insurance Corporation***. However, **NO** Power of Attorney was ever provided or recorded in support of this

false and fraudulent "Assignment of Deed of Trust" which was proffered by Attorney, Kent Larsen as Evidence in the United States District Court District of Nevada.  (Case #: 3:18-cv-0001-MMD-WGC)  Yet shockingly Attorney Kent Larsen did submit to the District Court District of Nevada as evidence an **expired** LPOA in their Motion To Dismiss.  SEE **PLAINTIFF'S EXHIBIT "E":   [CHASE'S MOTION TO DISMISS--EXHIBIT-J, "LPOA" PG 30, PARAGRAPH 3, LINES 1-2]**, WHERE IT SAYS, *"This Limited Power of Attorney shall be effective from April 3, 2009 and shall continue in full force and effect through April 3, 2011"*.

19. After JPMorgan Chase Bank filed the fraudulent Assignment of Deed of Trust on April 10, 2018, the Hon. Judge Du dismissed Plaintiff's case in the District Court on May 17, 2018.  The following day, May 18, 2018, Defendants caused the foreclosure of Plaintiff's real property.

20. On June 8, 2018, in response to the unlawful foreclosure of Plaintiff's property, Plaintiff filed a complaint for the wrongful foreclosure of her real property in the Third Judicial District Court of Lyon County (Case # 18-CV-00663).

21. On May 1, 2019, at a Motion Hearing, the presiding Judge, the Hon. John P. Schlegelmilch, granted Plaintiff permission to proceed with discovery.

22. On May 22, 2019, Plaintiff hired a licensed private investigator Mr. William Pataalo to look into the authenticity of the "Assignment of Deed of Trust" that was recorded and provided as evidence in the United States District Court District of Nevada by, Attorney **Kent F. Larsen Esq. Nevada Bar No. 3463**, an Officer of the Court, JPMorgan Chase Bank, N.A., and Smith Larsen & Wixom.  Upon due diligence, investigation and careful review of documents concerning Plaintiff's property by licensed private investigator-William J. Pataalo, it was discovered that the "Assignment of Deed of Trust" Ibid, was in fact fabricated, forged and fraudulently recorded.  William Pataalo's investigation also revealed Washington Mutual Bank did not and could not assign JPMorgan Chase Bank contract rights arising out of the Revolving Line of Credit Agreement Plaintiff had with Washington Mutual Bank (WAMU) because Plaintiff's Line of

Credit had been previously securitized and sold prior to WAMU entering into receivership by the FDIC. SEE **Plaintiff's EXHIBIT "C"** (William Pataalo's Declaration & Exhibits

23. On or about April 10, 2018, (6 months after Notice of Default was wrongly filed against Plaintiff's property) JPMorgan Chase Bank, N.A., Kent F. Larsen Esq., and Smith Larsen & Wixom recorded fraudulent Assignment of Deed of Trust to induce the United States District Court to enter in their favor not withstanding that Defendants lack standing to encumber Plaintiff's real property.

24. Additionally, JPMorgan Chase Bank willfully, knowingly and fraudulently mislead the District Court in Chase's motion to dismiss, in asking the court to take judicial notice of their abbreviated and highly redacted (39) page Purchase Assumption Agreement ("PAA"). In support of Chase's request for the court to take judicial notice of the abbreviated PAA, Chase averred two (2) separate URL addresses whereby, theoretically, anyone can view the PAA directly on the United States Treasury Department's (FD) website.

25. However, after numerous failed attempts, Plaintiff received error messages stating: (NOT FOUND, BAD REQUEST & INVALID HOST NAME), Needless to say, Plaintiff were never able to view the actual PAA on the USTD's website via the URL links Chase provided. [SEE EFC 17 Chase's Motion to Dismiss Pg 3, lines 19-21] Where Chase alleges: *"It can be viewed at the following website of the United States Treasury Department: http://www.ots.treas.gov./files/680024'pdf or www.gov/static/ots/directors-orders/do-2008-36.pdf."*

26. Defendants have falsely represented their basis to ownership of Plaintiff's WAMU Revolving Line of Credit.

27. Through this action, Plaintiff seek damages against Defendants, JPMORGAN CHASE BANK, N.A., KENT F. LARSEN ESQ., and SMITH LARSEN & WIXOM, resulting from Defendants' fraud upon the United States District Court in their scheme to deprive Plaintiff of all beneficial and pecuniary interest in her real property.

FIRST CAUSE OF ACTION

(INDEPENDENT ACTION FOR RELIEF FROM JUDGMENT
FOR FRAUD UPON THE COURT)

(AGAINST ALL DEFENDANTS)

28. The allegations in the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

**Defendants' Fraud Upon the Court**

29. The fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court. *Please see,* Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978).

30. Plaintiff alleges that on or about April 10, 2018, Attorney **Kent F. Larsen Esq. Nevada Bar No. 3463**, an Officer of the Court, knowingly, purposely, and intentionally provided false and fabricated "Assignment of Deed of Trust" as evidence to obtain judgment in the United States District Court to conduct non-judicial foreclosure of Plaintiff's real property.

31. Plaintiff alleges that on or about April 10, 2018, JPMorgan Chase Bank, N.A., Kent F. Larsen Esq., Smith Larsen & Wixom recorded a fabricated fraudulent Assignment of Deed of Trust to induce the United States District Court to enter in their favor not withstanding that Defendants lack standing to encumber Plaintiff's real property.

32. Additionally, JPMorgan Chase Bank willfully, knowingly and fraudulently mislead the District Court in Chase's motion to dismiss, in asking the court to take judicial notice of their (39) page PAA. In support of Chase's request for the court to take judicial notice of the abbreviated PAA, Chase averred two (2) separate URL addresses whereby, theoretically, anyone can view the PAA directly on the United States Treasury Department's (USTD) website. Both URL's were defective.

33. Plaintiff alleges that on or about 5/17/ 2018, the United States District Court relied on the false evidence of the Assignment of Deed of Trust when it granted Defendants' motion and adjudicated that Defendants were entitled to foreclose on Plaintiff's real property.

34. Plaintiff alleges that Defendants' false evidence was the substantial factor in rendering judgment in favor of the Defendants.

35. This fraud was perpetrated on the United States District Court to obtain an order to foreclose on Plaintiff's real property. As a result of Defendants' fraud upon the court, Defendants unlawfully sold Plaintiff's real property.

36. As a direct and proximate result of the Defendants' False evidence of Assignment of Deed of Trust, and the ensuing misrepresentation, deceit, and fraud upon the United States District court, Plaintiff has sustained injury according to proof during jury trial.

## SECOND CAUSE OF ACTION

(EXTRINSIC/INTRINSIC FRAUD)

(ALL DEFENDANTS)

37. The allegations in the preceding paragraphs are incorporated herein by reference as if set forth in full.

**False Representations and Failure to disclose Material evidence**

38. On or about 5/17/ 2018, Mr. Kent Larsen, an Officer of the Court, and JP Morgan Chase Bank N.A., a national association, and Smith Larsen & Wixom, a Law Corporation, engaged unconscionable plan or scheme which was designed to improperly influence the United States District Court in its decision pertaining to Plaintiff's real property commonly

described as: 1740 Autumn Glen Street, Fernley, NV 89408, ("the subject property"), and more fully legally described as:

> **Lot 62, SD UPLAND RANCH ESTATE UNIT NO. 7. ACCORDING TO MAP THEREOF, FILED AS DOCUMENT NO 315377, ON MARCH 9, 2004, COUNTY OF LYON, STATE OF NEVADA**

**Bearing APN: 022-052-02 in Lyon County, State of Nevada**

39. A false representation may be made orally, in writing, or by nonverbal conduct." (*See Thrifty-Tel, Inc. v. Bezenek* (1996) 46 Cal.App.4th 1559, 1567 [54 Cal.Rptr.2d 468].) [F]alse representations made recklessly and without regard for their truth in order to induce action by another are the equivalent of misrepresentations knowingly and intentionally uttered.' " (*Engalla v.Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 974 [64 Cal.Rptr.2d 843, 938 P.2d 903], internal quotation marks omitted.).

40. On or about 4/10/2018, Mr. Kent Larsen, an Officer of the Court, and JP Morgan Chase Bank N.A., a national association, and Smith Larsen & Wixom, a Law Corporation, intentionally, willfully, and knowing misrepresented to the United States District Court that Washington Mutual Bank assigned JPMorgan Chase Bank rights under the Revolving Line of Credit which was executed between Plaintiff and Washington Mutual Bank. This phony drafted "Assignment of Deed of Trust" states, ***"For Value Received , Washington Mutual , a Federal Association the undersigned corporation hereby grants, assigns or transfers to JPMorgan Chase Bank ....all beneficial interest...."*** this was **impossible** given that WAMU ceased to exist approximately 10 years prior when they entered into receivership by the FDIC on September 25, 2008, becoming a defunct banking institution. Further, Plaintiff's Revolving Line of Credit with WAMU was securitized and sold prior to receivership by the FDIC. Rights to

Plaintiff's Line of Credit was not acquired by the FDIC, nor Chase because it had been sold and was no longer part of WAMU's portfolio.

41. Plaintiff alleges that Mr. Kent Larsen, an Officer of the Court, and JP Morgan Chase Bank N.A., a national association, and Smith Larsen & Wixom, a Law Corporation's representation Ibid was false.

42. On or about 5/17/2018, the United States District relied on Defendants, Mr. Kent Larsen, an Officer of the Court, and JP Morgan Chase Bank N.A., a national association, and Smith Larsen & Wixom, a Law Corporation's deceit, willful, and knowing malpresentation and false evidence of assignment of deed of trust to the detriment of the Plaintiff, Audrey Kramer.

43. Plaintiff alleges that Mr. Kent Larsen, an Officer of the Court, and JP Morgan Chase Bank N.A., a national association, and Smith Larsen & Wixom, a Law Corporation's false evidence, deceit, and misrepresentation is the natural and probable result of Plaintiff's injuries.

44. As a direct and proximate result of the Defendants' misrepresentation and deceit, Plaintiff's real property was sold in an unlawful non-judicial foreclosure.

(DAMAGES)

(AGAINST ALL DFENDANTS)

45. The allegations in the preceding paragraphs are incorporated herein by reference as if set forth in full.

46. In doing the act alleged in this complaint, Defendants, Mr. Kent Larsen, an Officer of the Court, and JPMorgan Chase Bank N.A., a national association, and Smith Larsen & Wixom, a Law Corporation, and their agents, and representatives acted with oppression, fraud, and

malice as such, Plaintiff is entitled to punitive damages to make an example of and to punish these Defendants in addition to actional damages.

**DEMAND FOR JURY TRIAL**

Plaintiff Demand for Jury Trial

**WHEREFORE,** Plaintiff Demands judgment against the Defendant as follows:

(i)   To Vacate the judgment Entered on May 17, 2018
(ii)  For compensatory Damages against Defendants and each of them,
(iii) For punitive Damages against Defendants for deceit and intentional misrepresentation of material fact and to deter Defendants and others from committing fraud upon the court;
(iv)  For interest at the rate of 10% per annum
(v)   For Reasonable Attorney's fees; and
(vi)  For such other and further relief, the Court deem, just and proper

Dated.: 6/3/2021                                 *Audrey Kramer*
                                                 AUDREY KRAMER, Pro se