UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY E KRAMER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>　　　　Defendants. | Case No. 21-cv-04266-PJH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND MOTION TO TRANSFER OR, ALTERNATIVELY, DISMISS**<br><br>Re: Dkt. Nos. 5, 12 |

Before the court is defendant JP Morgan Chase Bank, N.A.'s ("Chase") motion to dismiss. Dkt. 5. Also before the court is defendants Kent F. Larsen's ("Larsen") and Smith Larsen & Wixom's ("SLW") motion to transfer or, alternatively, dismiss. Dkt. 12. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby **GRANTS IN PART** and **DENIES IN PART** both motions.[1]

## BACKGROUND

### I. The District of Nevada Action

On January 2, 2018, plaintiff Audrey Kramer ("plaintiff") and her husband, Leo Kramer, filed a lawsuit against Chase in the United States District Court for the District of Nevada. Dkt. 1 (Compl.) ¶ 18. That action is captioned <u>Leo Kramer v. JPMorgan Chase Bank, N.A., et. al.</u>, 18-cv-00001-MMD-WGC (D. Nev.) (the "District of Nevada Action"). Dkt. 5-2 (complaint in the District of Nevada Action). Chief Judge Miranda Du presided over that action. Compl. ¶ 19.

In the District of Nevada Action, plaintiff alleged numerous claims against Chase

---

[1] The court will jointly refer to Larsen and SLW as the "Larsen defendants." The court will collectively refer to Chase, Larsen, and SLW as "defendants." Additionally, unless otherwise specified, the court derives all facts in this order from plaintiff's complaint and the judicially noticeable documents filed by the parties with these motions.

and other defendants (not named in this action) in connection with Chase's foreclosure on certain real property (the "subject property") previously in plaintiff's possession. Dkt. 5-2; Compl. ¶¶ 9-19. The subject property is located in Fernley, Nevada. Compl. ¶ 9.

Larsen is an attorney practicing in Nevada. Compl. ¶¶ 3, 18. He represented Chase in the District of Nevada Action. Id.; Dkt. 5-3 at 25 (Larsen's signature on motion to dismiss filed in the District of Nevada Action). Plaintiff alleges that Larsen and Chase falsified a so-called "Assignment of Deed of Trust" (the "assignment") and filed that document in the District of Nevada Action. Id. ¶ 18. On May 17, 2018, Judge Du granted Chase's motion to dismiss the District of Nevada Action with prejudice and entered judgment in favor of Chase. Id. ¶ 19; Dkt. 5-4 (May 17, 2018 order); Dkt. 5-5 (May 17, 2018 judgment). Plaintiff appealed. Dkt. 5-6 (May 23, 2018 Notice of Appeal).

On May 29, 2019, the Ninth Circuit affirmed Judge's Du's May 17, 2018 order in a four-page memorandum disposition. Dkt. 5-7. On December 23, 2019, plaintiff filed a motion for relief from judgment in the District of Nevada Action under Rule 60. Dkt. 5-8. In it, plaintiff argued, in relevant part, that relief was proper under Rule 60(d)(3). Id. at 18-19; Fed. R. Civ. Pro. 60(d)(3) (permitting a district court to "set aside a judgment for fraud on the court."). She asserted that Chase and Larsen "filed fraudulent real estate documents to induce [Judge Du] to believing that [a third-party bank] transferred plaintiffs' note and mortgage to [Chase] when defendants knew their representation to be false." Dkt. 5-8 at 18-19.

On December 23, 2019, Judge Du entered a one paragraph minute order denying plaintiff's motion for relief. Dkt. 5-9. In relevant part, Judge Du found that plaintiff "failed to provide a valid reason entitling them to relief under Rule 60(d)." Id. at 2. On January 21, 2020, plaintiff appealed that order. Dkt. 5-10 (January 21, 2020 Notice of Appeal). It appears that appeal remains pending before the Ninth Circuit. Dkt. 5 at 5.

II. **The Instant Action**

On June 23, 2021, plaintiff filed the instant action against defendants in this court. In her complaint in this action, plaintiff alleges that Judge Du relied on the supposedly

2

falsified assignment when entering judgment in Chase's favor. Compl. ¶¶ 34, 42. Based on that purported fraud, plaintiff alleges the following three "claims" in this action:

- Independent action for relief from judgment. Id. ¶¶ 28-36.
- Extrinsic/intrinsic fraud. Id. ¶¶ 37-44.
- Damages. Id. ¶¶ 45-46.

On July 8, 2021, Chase filed its motion to dismiss in this action. Dkt. 5. In it, Chase primarily asks that the court to dismiss this action for improper venue. Id. at 7-9. Chase expressly argues that transferring this action to the District of Nevada is unwarranted. Id. at 8. Alternatively, Chase requests that the court dismiss this action for failure to state a claim. Id. at 9-11.

On August 10, 2021, the Larsen defendants filed their motion. Dkt. 12. In it, they assert that venue is improper in this district. Id. at 11-12. However, unlike Chase, the Larsen defendants request that the court to transfer this action to the District of Nevada. Id. at 12-15. Alternatively, the Larsen defendants ask the court to dismiss this action for lack of personal jurisdiction and failure to state a claim. Id. at 15-22.

**DISCUSSION**

**I.  Venue Is Improper in This District**

Title 28 U.S.C. § 1391 provides that a civil action may be brought in one of the following three venues:

> (1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.
>
> (2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.
>
> (3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

If a defendant files a Rule 12(b)(3) motion to dismiss for improper venue, plaintiff bears the burden of establishing that venue is properly in the district where the suit was

filed. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979). When considering a Rule 12(b)(3) motion, the court need not accept the pleadings as true and may consider facts outside the pleadings. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996); Salesforce.com, Inc. v. GEA, Inc., 462 F. Supp. 3d 1004, 1006 (N.D. Cal. 2020).

The court concludes that venue of this action is improper in this district. As an initial matter, in her complaint, plaintiff acknowledges that Larsen "resides and conducts business in the States [sic] of Nevada." Compl. ¶ 4. Thus, by plaintiff's own admission, Larsen qualifies as a Nevada resident, ***not*** a California resident. The court therefore finds that venue for this action in this district may not exist under Title 28 U.S.C. § 1391(b)(1). That leaves only Title 28 U.S.C. § 1391(b)(2) and § 1391(b)(3).

In her complaint, plaintiff alleges that defendants defrauded the District of Nevada by filing the purportedly falsified assignment to obtain judgment in Chase's favor. Compl. ¶¶ 18, 23. This allegation forms the gravamen of the claims in this action. Plaintiff does not allege or otherwise show that defendants fabricated the assignment in California. The court therefore does not have any basis to conclude that a substantial part of the events giving rise to plaintiff's claims occurred in this judicial district. The court thus finds that venue for this action in this district may not exist under Title 28 U.S.C. § 1391(b)(2).

Instead, because defendant filed the assignment in Nevada, the court concludes that a substantial part of the claims in this action occurred in that judicial district. Indeed, by plaintiff's own allegations, the assignment served as "the ***substantial factor*** in rendering judgment in favor of the defendants." Id. ¶¶ 34, 42 (emphasis added). Accordingly, the court concludes that venue for this action is proper in the District of Nevada.

The court notes plaintiff's citation to the revolving credit agreement as a basis for venue in this district. Dkt. 7 at 13. The court disagrees. Whether that agreement was executed in San Francisco is irrelevant. Plaintiff does not base her fraud allegations on that document.

## II. The Interest of Justice Favor Transfer

Title 28 U.S.C. § 1406 states that:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justified, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a).

The court finds that the interest of justice favor transferring this action to the District of Nevada. At core, plaintiff's "claims" in this case are no different than the releief sought under Rule 60(d) that Judge Du summarily dispatched in her December 27, 2019 minute order. Indeed, as her primary prayer for relief, plaintiff asks this court to "vacate the judgment entered on May 17, 2018." Compl. at 16. Judge Du's December 27, 2019 minute order remains on appeal before the Ninth Circuit. Thus, from what the court can tell, the claims in this action will rise or fall with the Ninth Circuit's decision in that appeal. Given that, the court finds that transferring this case to the District of Nevada for potential relation and consolidation with the District of Nevada Action will the advance interests of judicial economy and ensure that this action's treatment is co-extensive with the Ninth Circuit's decision on the pending appeal. <u>Klamath Tribes v. United States Bureau of Reclamation</u>, 2018 WL 3570865 at *3 (N.D. Cal. July 25, 2018) ("The decision to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court.").

## CONCLUSION

For the above reasons, the court concludes that venue in this district is improper and **ORDERS** this action immediately transferred to the United States District Court for the District of Nevada. In view of the transfer, the court declines to reach the other motions.

**IT IS SO ORDERED.**

Dated: August 26, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

5