# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Audrey E. Kramer | Case No. 2:21-cv-01585-RFB-BNW |
| Plaintiff, | **ORDER re ECF Nos. 29, 32, and 33** |
| v. | |
| JPMorgan Chase Bank, N.A., *et al.*, | |
| Defendants. | |

Before the Court are several motions. First is Defendants Kent Larsen and Smith Larsen & Wixom, Chartered's ("SLW") motion to stay discovery (ECF No. 29). Plaintiff opposed the motion to stay discovery (ECF No. 31), and Defendants replied (ECF No. 35).

Next, Plaintiff filed a motion for leave to conduct discovery. ECF No. 32. Defendant JPMorgan Chase Bank, N.A. opposed at ECF No. 36. Defendants Kent Larsen and SLW opposed at ECF No. 40. Plaintiff replied at ECF Nos. 45 and 46.

Lastly, Plaintiff filed a motion requesting the Court to take judicial notice in support of her motion to conduct discovery. ECF No. 33. Defendants Kent Larsen and SLW opposed at ECF No. 40. Plaintiff replied at ECF No. 45.

For the reasons discussed below, the Court will grant the motion to stay discovery (ECF No. 29). As a result, Plaintiff's motion to conduct discovery (ECF No. 32) is denied as moot. Likewise, Plaintiff's motion requesting judicial notice in support of her motion to conduct discovery (ECF No. 33) will be denied as moot.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### I.      Background

Plaintiff filed this case in June of 2021. ECF No. 1. Plaintiff's complaint alleges that prior rulings in Case No. 3:18-cv-00001-MMD-WGC relied on fraudulent information submitted to the Court by Defendants. *Id*. at 12. In the instant case, Plaintiff requests (among other things) that the final order in 3:18-cv-00001-MMD-WGC be vacated. *Id*. at 16. Plaintiff already sought this relief when she filed a motion for relief from judgment in 3:18-cv-00001-MMD-WGC (at ECF No. 84). That request was denied (3:18-cv-00001-MMD-WGC at ECF No. 86). Plaintiff appealed that denial (3:18-cv-00001-MMD-WGC at ECF No. 87). The Ninth Circuit entered an order affirming the district court's prior order and explaining that Plaintiff had "failed to demonstrate any basis for relief." *See* 3:18-cv-00001-MMD-WGC, ECF No. 91 at 2. The Ninth Circuit also cited to case law explaining that a party must establish fraud on the court by clear and convincing evidence. *Id*.

Prior to the Ninth Circuit issuing its opinion, Plaintiff filed the instant case in the Northern District of California. That court transferred the case to this district.

Now, Defendants move to stay discovery pending a decision on their motions to dismiss in the instant case. Defendants make two general arguments regarding why discovery should be stayed. First, Defendants argue that under *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013) and similar cases, a discovery stay is appropriate because dispositive motions are pending. *See* ECF No. 38 at 12–16. Second, Defendants argue that a discovery stay is appropriate under Rule 1 of the Federal Rules of Civil Procedure.

Plaintiff opposed the motion to stay discovery. She argues that there are no dispositive motions pending as the Northern District of California disposed of those issues.[1] Plaintiff did not respond to Defendants' argument that a discovery stay is appropriate under Rule 1 of the Federal Rules of Civil Procedure.

### II.     Legal Standard

Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When deciding whether to grant a stay of discovery, the court

---

[1] Plaintiff makes a number of other arguments. The Court adopts the rationale employed by Defendants in their reply to explain why the other arguments are of no avail for purposes of this motion.

is guided by the objectives of Federal Rule of Civil Procedure 1 that ensure a "just, speedy, and inexpensive determination of every action." *Kor Media Grp.*, 294 F.R.D. at 581 (internal quotation marks and citation omitted). Accordingly, considerations of judicial economy and preserving the parties' resources may warrant a stay in some cases. *U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1426–27 (9th Cir. 1985).

The Federal Rules of Civil Procedure do not, however, provide for automatic or blanket stays of discovery just because a potentially dispositive motion is pending. *See Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). In fact, a dispositive motion ordinarily does not warrant a stay of discovery. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). However, when a party moves for a stay because a dispositive motion is pending, the court may grant the stay when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Grp.*, 294 F.R.D. at 581.

While this Court has previously found that the preliminary peek test can be problematic because it is often inaccurate and inefficient, the issues presented here are simple enough where the test can be easily applied. *See Schrader v. Wynn Las Vegas, LLC*, No. 219CV02159JCMBNW, 2021 WL 4810324, at *3 (D. Nev. Oct. 14, 2021).

Here, the Court agrees with Defendants that there are pending motions to dismiss in the instant action which are potentially dispositive. In addition, no discovery is needed to resolve the issues in the pending motions to dismiss. Lastly, the Court has taken a preliminary peek at the merits of the motions and is convinced Plaintiff will be unable to state a claim for relief. In essence, the Ninth Circuit has already issued a ruling stating Plaintiff had failed to show a fraud was committed on the court. The Court will not provide an in-depth analysis of its evaluation of the motions to dismiss.

1
2
3

The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery . . . .

4

*Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 603 (D. Nev. 2011).

5
6

In addition, the Court finds that staying the discovery in this case will further the goals enunciated in Federal Rule of Civil Procedure 1.

7

**III.     Conclusion**

8
9

**IT IS THEREFORE ORDERED** that Defendants' motions to stay discovery (ECF No. 29) is GRANTED.

10
11

**IT IS FURTHER ORDERED** that Plaintiff's motion to conduct discovery (ECF No. 32) is DENIED as moot.

12
13

**IT IS FURTHER ORDERED** Plaintiff's motion requesting judicial notice in support of her motion to conduct discovery (ECF No. 33) is DENIED as moot.

14

**IT IS FURTHER ORDERED** that the hearing set for January 13, 2022 is vacated.

15
16

DATED: December 13, 2021.

17
18
19

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

20
21
22
23
24
25
26
27
28