1   AUDREY KRAMER
2   2364 REDWOOD ROAD
3   HERCULES, CA 94547

4   PLAINTIFFS IN PRO PER

5

6

7              UNITED STATES DISTRICT COURT DISTRICT OF NEVADA,

8                    BRUCE R. THOMPSON U.S.COURTHOUSE

9                                          )
10                                         )
                                           )   Case No.: 2:21-cv-01585-RFB-BNW
11  AUDREY KRAMER,                         )
                                           )   [Hon. Richard F. Boulware, II]
12                                         )
                         Plaintiff,        )   PLAINTIFF'S MOTION FOR
13                                         )   LEAVE TO FILE AMENDED
                                           )   COMPLAINT DUE TO NEWLY
14  vs.                                    )   DISCOVERED MATERIAL
                                           )   EVIDENCE; CONCURRENT
15                                         )   HEREWITH; MEMORANDUM OF
                                           )   POINTS AND AUTHORITIES IN
16                                         )   SUPPORT THEREOF
    JPMORGAN  CHASE  BANK,  N.A.,          )
17  KENT  F.  LARSEN  ESQ.,  SMITH         )
    LARSEN & WIXOM, CHARTERED              )
18                                         )
    and Does 1 Through 25 Inclusive        )
19                                         )
                                           )
20                                         )
                                           )
21                       Defendants.       )
                                           )
22                                         )
                                           )
23  **TO  THE  COURT  AND  TO  ALL  PARTIES  AND  THEIR  ATTONEYS  OF**

24  **RECORD:**
25
26          Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff, Audrey

27  Kramer, ("Plaintiff") respectfully move the Court for leave to file the attached First

28

Amended Complaint for Intentional Misrepresentation, Negligent Misrepresentation, Mail fraud, RICO, and Other Equitable Relief ("Amended Complaint").   Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Allowing Plaintiffs to file the Amended Complaint would serve justice and promote judicial efficiency.   Further, there would be no substantial or undue prejudice, bad faith, undue delay, or futility.

Through the Amended Complaint, Plaintiff seeks to add newly discovered Evidence of mail fraud and irrefutable evidence that further demonstrates that the forged or fabricated assignment of the Deed of Trust, Fabricated Purchase and assumption agreement, and fabricated Proof of claim were proffered as evidence to commit fraud upon the court in their zeal to deprive Plaintiff of all her pecuniary and beneficial in interest in her real property which Plaintiff holds interest in Joint Tenancy with right of survivorship.

Plaintiff believes that, Defendant, engaged in practices that violate clearly established federal law and state criminal Statute that makes a crime for anyone or entity to forge document with apparent legal significance and engaged in conduct or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

Further, Plaintiff seeks to allege three new counts namely, Intentional Misrepresentation, Negligence Misrepresentation and violation based on **18 U.S.C. §**

1  **1341; 18 U.S.C. § 1343,** and violation of **18 U.S.C. § 1962 (a-d),** based on conduct and

2  practices uncovered by Plaintiff and detailed in Defendants' own court filings, live

3

4  testimony before the Court, and discovery responses and other public records.

5          Indeed, Plaintiff remain focused on obtaining equitable monetary relief and

6  treble damages award in this matter, including restitution for consumer victims and the

7  disgorgement of Defendants' ill-gotten gains.

8

9          For all these reasons, and those stated in the attached memorandum in support,

10 Plaintiff's motion for leave to file Amended Complaint, Plaintiff, Audrey Kramer

11
   respectfully request that the Court grant Plaintiff leave to file the attached Amended
12

13 Complaint.

14

15
   Respectfully Submitted,
16

17

18

19 Dated.:  December 21, 2021

20                                              Audrey Kramer,
                                                Plaintiff, In Pro se.
21

22                              **ORDER**

23 IT IS ORDERED that ECF No. 57 is DENIED without prejudice under Local
   Rule IA 10-1(b). IT IS FURTHER ORDERED that the parties must meet
24 and confer regarding Plaintiff's motion to amend. LR 16-1(d). If the parties
   cannot agree about whether Plaintiff should be able to amend her
25 complaint, Plaintiff may refile her motion (in a searchable PDF format) with
   a meet and confer certification.

26
                    **IT IS SO ORDERED**
27                  **DATED:** 11:39 am, December 27, 2021

28                  **BRENDA WEKSLER**
                    **UNITED STATES MAGISTRATE JUDGE**

<u>CERTIFICATE OF SERVICE</u>

I certify that, on the date set forth below, the foregoing PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT was served on Defendants by First Class Mail to the following:

Dated.:  December 21, 2021

Audrey Kramer,
Plaintiff, In Pro se.

AUDREY KRAMER
2364 REDWOOD ROAD
HERCULES, CA 94547

PLAINTIFFS IN PRO PER


UNITED STATES DISTRICT COURT DISTRICT OF NEVADA,

BRUCE R. THOMPSON U.S.COURTHOUSE


AUDREY KRAMER,

                              Plaintiff,

vs.

JPMORGAN CHASE BANK, N.A.,
KENT F. LARSEN ESQ., SMITH
LARSEN & WIXOM, CHARTERED
and Does 1 Through 25 Inclusive


                              Defendants.

Case No.: 2:21-cv-01585-RFB-BNW

[Hon. Richard F. Boulware, II]

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2        Pursuant to Fed. R. Civ. P 15(a)(2) Plaintiff, Audrey Kramer, ("Plaintiff"), hereby

3
4   respectfully submit this Memorandum in support of her Motion for Leave to File

5   Amended Complaint.

6                                          I
7                                    **BACKGROUND**

8        Plaintiff filed the original Complaint on June 3, 2021, alleging that

9
10  Defendants operated a common enterprise to perpetrate fraud upon the Court in which

11  Officer of the Court was and is implicated.   Upon further investigation, Plaintiff

12  discovered that Defendants systematically and continuously, engaged in practices that

13
14  violate clearly established federal law and state criminal Statute that makes it a crime

15  for anyone or entity to forge document with apparent legal significance and engaged in

16  conduct or participated, directly or indirectly, in the conduct of the enterprise's affairs

17
18  through a pattern of racketeering activity or collection of unlawful debt to wit, some of

19  the debts were prohibited by the mandate of the United States Bankruptcy discharge

20  debt collection prohibition.

21        Further, Plaintiff seeks to allege three new counts namely, Intentional
22
23  Misrepresentation, Negligence Misrepresentation and violation based on **18 U.S.C. §**

24  **1341); (18 U.S.C. § 1343), and 18 U.S.C. § 1962 (a-d),** which prohibits a person from

25
26  investing in an enterprise any income derived from a pattern of racketeering activity. **18**

27  **U.S.C 1962(a);** and prohibits a person from using a pattern of racketeering activity, or

28  the collection of an unlawful debt, to acquire or maintain control over an enterprise. **18**

**U.S.C 1962(b)** and which makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . " **18 U.S.C. § 1962(c)** and prohibits a person from conspiring to violate Sections 1962(a), (b), or (c). **18 U.S.C 1962(d).**

Furthermore, and notwithstanding the above assertion, Plaintiff, Audrey Kramer newly obtained definitive irrefutable evidence that proves beyond reasonable doubt that WMB transferred '**ALL**' of the bank's mortgage-backed assets, via blanket-lien, to Federal Home Loan Bank of San Francisco one week before entering into receivership with the FDIC.  Hence the FDIC never acquired 'ANY' of WMB's mortgage-backed securities upon seizing WMB, and therefore could not and did not transfer '**ANY**' of WMB's mortgage notes to Chase by way of the infamous PAA.  The FDIC could not transfer or sell that which they did not acquire.  This FACT is supported by two separate documents, which will be explained later.

This FACT is supported within a document called the '**FIAL REPORT OF THE EXAMINER**', concerning WMB's bankruptcy, filed in the US Bankruptcy Court of Delaware, **Case #: 08-12229**.  The report was authored by Court-Appointed, Joshua Hochberg.  Please See:  Page # 68, Paragraph 2, where it reads:

> *"On September 10, 2008, the FHLB-SF told OTS that obtaining a blanket-lien on WMB's assets would give FHLB managers more assurance to continue lending to WMB. 242 On September 18, 2010, FHLB-SF obtained a blanket lien on **all** of WMB's assets to secure additional borrowings."*

1    Notwithstanding the above, there are several fabricated documents supporting

2  Plaintiff's assertion which Chase Bank proffered as evidence to numerous courts

3  spanning two separate states concerning Plaintiff's property.

4

5    In late September 2008, WMB was deemed insolvent by the Office of Thrift

6  Supervision ("OTS") and subsequently taken into receivership by the Federal Deposit

7  Insurance Corporation ("FDIC").  On the very same day WMB entered into receivership

8  with the FDIC, "Certain" Assets & Liabilities of WMB were ostensibly sold to Chase.

9

10    However, according to the US Bankruptcy Court of Delaware, per court-

11  appointed Joshua R. Hochberg's **<u>Final Report of The Examiner</u>**, Mr. Hochberg's

12  report explains that Washington Mutual Bank's ("WMB") was under examination  by

13  regulatory agency the 'Office of Thrift Supervision' ("OTS") to determine whether or

14  not WMB was operating safely. The report goes into great detail with regard to the

15  chain of events which ultimately led up to WMB being taken into receivership by the

16  FDIC, including explanation of what happened to **<u>all</u>** of WMB's mortgage-backed

17  securities one week prior to WMB being taken into receivership.

18

19    Plaintiff, Audrey Kramer obtained a court-stamped <u>certified</u> copy of this report

20  directly from the court clerk of the US Bankruptcy Court of Delaware.  **Please See:**

21  **Exhibit—10**

22

23

24

25

26

27

28

1    In June 2019, Plaintiff, Audrey Kramer hired Private Licensed Investigator,

2  William Paatalo, who specializes in chain of title analysis and the securitization of

3  mortgage-backed securities.

4

5    Upon careful review and detailed examination of documents concerning

6  Plaintiff's property, Mr. Paatalo was able to determine that the documents Chase Bank

7  and Chase's attorney proffered into evidence to the court/s in order to lay false claim to

8

9  Plaintiff's property were in fact fabricated and fraudulent.  **Please See:  Exhibit---11,**

10  **Mr. Paatalo's Updated Declaration and Exhibits**

11

12

13                III
                ARGUMENT
14

15    **A. THE COURT SHOULD GRANT PLAINTIFF'S MOTION BECAUSE**
       **THE EFFICIENT ADMINISTRATION OF JUSTICE REQUIRES**
16     **THAT PLAINTIFF BE GIVEN LEAVE TO FILE AN AMENDED**
       **COMPLAINT**
17

18

19    Federal Rule of Civil Procedure 15 provides that a party may amend its pleading

20  only by leave of court or by written consent of the adverse party, and that leave shall be

21  freely given when justice so requires. Fed. R. Civ. P. 15(a)(1)-(2). The Ninth Circuit has

22

23  instructed that the policy favoring amendments "is to be applied with extreme liberality."

24  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  The

25  factors commonly considered to determine the propriety of a motion for leave to amend

26

27  are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of

28  amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

1    The Ninth Circuit has held that it is the consideration of prejudice to the opposing

2  party that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

3
   1048, 1052 (9th Cir. 2003). Absent prejudice, or a strong showing of any of the remaining
4

5  Foman factors, *Id*, a presumption in favor of granting leave to amend exists under Rule

6  15(a). Id. Further, undue delay alone is insufficient to justify denial of a motion to amend.

7
   Please see, *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).
8

9    Finally, "liberality in granting leave to amend is not dependent on whether the

10  amendment will add causes of action or parties." DCD Programs, Ltd. v. Leighton, 833

11
   F.2d 183, 186 (9th Cir. 1987). Contra Union Pac. R.R. Co. v. Nev. Power Co., 950 F.2d
12

13  1429, 1432 (9th Cir. 1991) ("Amendments seeking to add claims are to be granted more

14  freely than amendments adding parties.").

15
     Here, Plaintiff seeks to amend her complaint to add claims, particularly, claiming
16

17  that arised from Defendants' violation of **18 U.S.C. § 1341; 18 U.S.C. § 1343,** and

18  violation of **18 U.S.C. § 1962 (a-d),** based on conduct and practices uncovered by Plaintiff

19
   and detailed in Defendants' own court filings, live testimony before the Court, and
20

21  discovery responses and other public records.

22     Plaintiff contends that, any applicable statutes of limitations have been tolled by

23
   the Defendants' continuing, knowing, and active concealment of the facts alleged herein.
24

25  Despite exercising reasonable diligence, Plaintiff could not have discovered, did not

26  discover, and was prevented from discovering, the wrongdoing complained of herein.

27

28

*There is no Prejudice to the Opposing Party*

As consideration of prejudice to the opposing party carries the greatest weight, the Court considers this factor first. *Eminence Capita*l, LLC, 316 F.3d at 1052. Prejudice has been found where "[t]he parties have engaged in voluminous and protracted discovery" and where "[e]xpense, delay, and wear and tear on individuals and companies" is shown. See Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 799 (9th Cir. 1991). Here, none of the Defendant has filed an answer to Plaintiff's complaint and no discovery has been propounded as such, defendants will not be prejudiced by granting Plaintiff leave to amend.

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597–98 (5th Cir. 1981)). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2).

Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id

In addition, the Fifth Circuit consistently has held that a complaint should not be dismissed on a Rule 12 motion unless the plaintiff is provided at least one opportunity to amend. *Hernandez v. Ikon Ofc. Solutions, Inc.*, 306 F. App'x 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).

Evaluating these factors in this instance, coupled with the liberal policy of Rule 15, weighs in favor of granting leave to file the amendment. Thus, no undue delay has occurred and no dilatory motive is apparent and no undue prejudice to the opposing party, and no evidence of futility of amendment.

Plaintiff contends that the provisions of Rule 15(c) are aimed at "the elimination of unjust dismissals" resulting from pleading mistakes that cause no prejudice to the defendant. *Miles v. Department of the Army*, 881 F.2d 777, 783 n.4 (9th Cir. 1989).

### *Court should vacate Defendants' motion to dismiss*

It is well-established that an "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (internal citation omitted), overruled on other grounds by Lacey, 693 F.3d at 927–28; see also Valadez-Lopez v. Chertoff, 656 F.3d 851, 857 (9th Cir. 2011). In other words, "the original pleading no longer performs any function . . . ." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Consequently, the Plaintiff's First Amended Complaint superseded the original Complaint, and the Original Complaint ceased to exist. Because the Defendants' motion to dismiss targeted the Plaintiff's original Complaint, which is no longer in effect.

## B. DEFENDANTS WILL NOT SUFFER SUBSTANTIAL PREJUDICE, AND THERE IS NO OTHER REASON PLAINTIFFS SHOULD NOT BE GIVEN LEAVE TO AMEND

The U.S. Supreme Court determined that "[i]n the absence of . . . undue delay, bad faith or dilatory motive . . . undue prejudice . . . futility of amendment, etc.--the leave sought should . . . be 'freely given.' " *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Sixth Circuit applies a balancing test of these factors, which turns on *substantial prejudice* to the opposing party. *See, e.g., Lawson v. Truck Drivers, Chauffeurs & Helpers, Local Union 100*, 698 F.2d 250, 256 (6th Cir. 1983); *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973). No such prejudice exists here. The facts described in the Amended Complaint are well-known to Defendants, because they filed and/ or recorded the fraudulent documents that touched and concern Plaintiffs' real property.   Defendants' fraudulent conduct were discovered during Discovery, and through the painstaking investigation by Mr. William Paatalo.   The newly discovered evidence, with reasonable diligence, could not have been discovered in time when Plaintiffs filed their complaint.

A court may, in the furtherance of justice, allow a party to amend any pleading on any terms as may be proper.  Fed. R. Civ. P 15(a)(2)[1].   The Court should freely give

---

[1] This statutory provision giving the courts the power to permit amendments in furtherance of justice

leave to amend when justice so requires as here.   Fed. R. Civ. P 15(a) requires that

leave to file an amended complaint be "freely given when justice so requires." This

standard is readily met here, as the more detailed description of the fraudulent

Assignment of Deed of Trust at issue in the Amended Complaint narrows the scope of

the issues presented in this litigation and will prevent the Court's time from being

wasted at trial.

IV

CONCLUSION

For each of the foregoing reasons, it is in the interests of justice to permit Plaintiff

to amend her original complaint to allege the facts and legal theories derived from the

evidence obtained during due diligence investigation, including the evidence obtained

by the private investigator, Mr. William Paatalo.


Date: 12/21/2021                    _Audrey Kramer_

                                    Audrey Karmer, Plaintiff In Pro se

---

has received a very liberal interpretation by the courts of this state

**PROOF OF SERVICE**

*STATE OF CALIFORNIA  )*
                                        *) SS:*
*COUNTY OF CONTRA COSTA )*

        I live in the County of Contra Costa, State of California. I am over the age of 18; my address is: 2364 Redwood Road, Hercules, CA 94547
On ___December 21, 2021,_____ I served the foregoing document entitled:

PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT DUE TO NEWLY DISCOVERED MATERIAL EVIDENCE; CONCURRENT HEREWITH; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

on all parties in this action as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

__X__ **Mail**. By placing a true copy thereof enclosed in a sealed envelope. I am "readily familiar" with the firm's practice of collection and processing for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with first class postage thereon fully paid at Alameda, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter is more than one day after day of deposit for mailing in this Proof of Service.
__X__ **By E-MAIL**. I transmitted said document by E-MAIL to the offices of the addressees at the email addresses on the attached Service List.
_____ **By Personal Service**. I delivered such envelope by hand to the addressee(s).
_____ **By Overnight Courier**. I caused the above-referenced document(s) to be delivered to an overnight courier service for next day delivery to the addressee(s) on the attached Service List.

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on __12/21/2021__ , at ___Hercules_____, California.

__AUDREY KRAMER_____
Name of Declarant

Signature of Declarant

15

<u>SERVICE LIST</u>

Sean K. McElenney, 9122
BRYAN CA VE LEIGHTON PAISNER LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Fax: (602) 364-7070
Email: skmcelenney@bclplaw.com


Marc S. Cwik
Lewis Brisbois Bisgaard & Smith LLP
6385 South Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel.: 702.893.3383
Email: Marc.Cwik@lewisbrisbois.com
Attorneys for Defendants Kent F. Larsen, Esq. and
Smith Larsen & Wixom, Chartered