UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Audrey E. Kramer, | Case No. 2:21-cv-01585-RFB-BNW |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** <br> **re ECF No. 60** |
| JPMorgan Chase Bank, N.A., *et al*., | |
| Defendants. | |

Before the Court is *pro se* Plaintiff Audrey Kramer's Motion to Amend Complaint (ECF No. 60). All three Defendants opposed: JPMorgan Chase Bank, N.A. at ECF No. 68, and Defendants Kent F. Larsen and Smith Larsen & Wixom at ECF No. 70.[1] Plaintiff replied at ECF Nos. 73 and 74.

As discussed below, the Court recommends that Plaintiff's motion to amend be denied because Plaintiff unduly delayed in bringing the motion, the undue delay prejudices Defendants, and amendment would be futile.

**I.    Legal Standard**

Federal Rule of Civil Procedure 15(a) permits amendment of the pleadings as a matter of course before trial within certain time constraints. Where the time frame for application of Rule 15(a)(1) has expired, a party may amend its pleading under Rule 15(a)(2) only with the opposing party's written consent or with the Court's leave. *See Bonin v. Calderon*, 59 F.3d 815 (9th Cir. 1995). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Under Ninth Circuit law, courts should consider several factors when assessing a motion to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended her pleadings. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Not all the factors merit equal weight, however. Consideration

---

[1] The Court refers to Defendants Kent F. Larsen and Smith Larsen & Wixom as the Larsen Defendants.

of the prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

## II.     Analysis

Plaintiff seeks leave to amend her complaint to add several new claims, including intentional misrepresentation, negligent misrepresentation, mail fraud, and RICO. ECF No. 60 at 4–5. Because Defendants filed a responsive pleading to Plaintiff's original complaint in July of 2021 (ECF No. 5) and because they declined to stipulate to the proposed amendment (ECF No. 60 at 3), Plaintiff needs leave of court to amend her complaint under Rule 15.

In the proposed amended complaint, Plaintiff alleges that she has discovered new evidence supporting her claim that Chase and the Larsen Defendants committed fraud by recording and providing to the Court a falsified deed of trust in support of a non-judicial foreclosure of Plaintiff's home. ECF No. 60-1 at 2. These alleged fraudulent acts took place around April 10, 2018, but Plaintiff did not discover them until after May 17, 2018. *Id.* at 4. Plaintiff asserts that this timing is significant because, on May 17, 2018, United States District Judge Miranda Du—in a related but closed case (3:18-cv-00001-MMD-WGC)—entered an order dismissing Plaintiff and her husband's case against Chase. *Id.* at 4. In her proposed amended complaint, Plaintiff seeks to "vacate" Judge Du's order. *Id.*

The Court finds that Plaintiff unduly delayed in bringing her motion to amend. *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1388 (9th Cir. 1990) (explaining that relevant to evaluating the delay issue is "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading"). The Court takes note of Plaintiff's argument that her proposed amendment is based on newly discovered information. ECF No. 60 at 4. But the attached exhibits and allegations in the proposed amended complaint indicate that Plaintiff had access to this information, including William Paatalo's forensic report,[2] as late as 2019 or 2020.

---

[2] The Court further notes Plaintiff's admission that she hired Mr. Paatalo on May 22, 2019 to investigate the fraud allegations identified in the proposed amended complaint. ECF No. 60-1 at 12.

2

ECF No. 60-1 at 12, ECF No. 63 at 43. This means that Plaintiff knew or should have known of this information when she filed the original complaint in this case in June of 2021.[3] The Court therefore finds that she has failed to provide any credible justification for the delay.

That said, because "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend[,]" the Court turns to the remaining factors to be considered under Rule 15. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (citation omitted).

The Court does not find that Plaintiff, who is proceeding *pro se*, is acting in bad faith. It appears that Plaintiff is (understandably) frustrated because the home that she and her husband planned to retire in was foreclosed upon. *See* ECF No. 60-1 at 8. It also recognizes that Plaintiff has not previously amended her pleadings in this case. That said, the Court finds that the undue delay is prejudicial to the nonmoving parties (i.e., Defendants) and that amendment would be futile.

Turning first to the issue of prejudice. The Court finds that this undue delay is prejudicial to Defendants who would be burdened with the task of responding to an additional pleading that could (and should) have been brought as the original complaint. Moreover, Defendants would be burdened to respond to an amended complaint in a case where discovery has been stayed pending the resolution of Chase's motion to dismiss.[4]

Finally, the Court finds that the proposed amendment would be futile as it is barred by *res judicata*.[5] The doctrine of *res judicata*, or claim preclusion, prohibits relitigating any claims that were or could have been raised in a prior action. *Western Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). The Court finds that Plaintiff's proposed amendment is precluded by *res judicata* because (1) there is identity or privity between the parties, (2) there is

---

[3] Plaintiff initiated this suit on June 3, 2021 in the Northern District of California. ECF No. 1. The case was then transferred to this District on August 27, 2021. ECF No. 21.

[4] The Court recognizes that Plaintiff has filed an objection to its order staying discovery at ECF No. 59. Moreover, it is the Court's understanding that only Defendant Chase has an outstanding motion to dismiss (at ECF No. 5). As discussed in a recently issued minute order (at ECF No. 75), the Court believes that the Larsen Defendants' motion to dismiss (at ECF No. 12) was already ruled on. *See* ECF No. 20.

[5] The Court has judicially noticed the docket for the 2018 case. *See Kottle v. L. Offs. of Patenaude & Felix A.P.C*, No. 13-CV-161-H-BGS, 2013 WL 12075974, at *1 (S.D. Cal. May 16, 2013) ("Courts routinely take judicial notice of documents filed on public court dockets under [Federal] Rule [of Evidence] 201(b).").

3

an identity of claims, and (3) there was a final judgment on the merits. *Montana v. United States,* 440 U.S. 147, 153 (1979) ("Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.") (citations omitted).

First, although the Larsen Defendants were not a party to the 2018 case, the Court finds that they are in privity with Chase for two reasons: (1) they represented Chase in the 2018 case, and (2) they are Defendants in this subsequent action "by virtue of their activities as representatives" of Chase in the 2018 action. *Henley v. U.S. Bancorp*, No. 3:19-CV-00985-AC, 2020 WL 1038086, at *10 (D. Or. Jan. 21, 2020), *report and recommendation adopted,* No. 3:19-CV-00985-AC, 2020 WL 1033537 (D. Or. Mar. 2, 2020) (internal quotation marks and citation omitted).

Second, the underlying allegations against them and Defendant Chase in this case appear to be nearly identical to those made in the 2018 case, namely that Defendant Chase relied on fraudulent documents to foreclose on a home that Plaintiff and her husband owned. Notably, in her proposed amended complaint, Plaintiff acknowledges that she seeks to vacate the district court's order dismissing the 2018 case. ECF No. 60-1 at 4. In addition, even though Plaintiff may not have had access to Mr. Paatalo's report at the time the 2018 case was initially closed, both the district and appellate courts considered his findings in affirming the district court's decision to dismiss the case.

Third, the Court finds that Plaintiff's proposed claims have been determined by a valid and final determination in a prior proceeding (i.e., the 2018 case).[6] In that case, the district court granted Defendant Chase's motion to dismiss because Plaintiff and her husband were judicially estopped from bringing that case. Similarly, in that case the district court found that Plaintiff had failed to show that Defendant Chase had committed fraud on the court by its use of the

---

[6] In the 2018 case, Plaintiff and her husband alleged that Chase falsified an "Assignment of Deed of Trust" and submitted that document to the court. On May 17, 2018, Judge Du granted Chase's motion to dismiss the case with prejudice and entered judgment in favor of Chase. Plaintiff and her husband appealed. Then, on May 29, 2019, the Ninth Circuit affirmed Judge's Du's May 17, 2018 order. About six months later, Plaintiff and her husband filed a motion for relief from judgment under Fed. R. Civ. P. 60, which Judge Du denied. The following month, Plaintiff and her husband appealed that order. The Ninth Circuit subsequently affirmed Judge Du's order, finding that the motion for reconsideration was untimely and relied on evidence that was available before the entry of judgment.

Assignment of Deed of Trust. The Ninth Circuit affirmed both the district court's ruling on the motion to dismiss and its subsequent decision to deny Plaintiff's motion for reconsideration. The appellate court also noted that it would not consider any other motions relating to that closed case.

Finally, the Court finds that "the first adjudication offer[ed Plaintiff] a full and fair opportunity to litigate." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481 & n.22 (1982).

Accordingly, the Court recommends denying Plaintiff's motion to amend because there was undue delay, the delay is prejudicial to Defendants, and amendment would be futile. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (finding that the district court did not abuse its discretion in denying a motion to amend based on undue delay where facts were available to a plaintiff before previous amendments to the complaint); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (quoting *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002)) ("When a proposed amendment would be futile, 'there is no need to prolong the litigation by permitting further amendment.'").

### III.  Conclusion

**IT IS THEREFORE RECOMMENDED** that Plaintiff Audrey Kramer's Motion to Amend (at ECF No. 60) be DENIED.

DATED: August 29, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE