UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AUDREY E. KRAMER, | Case No. 2:21-cv-01585-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| JPMORGAN CHASE BANK N.A., *et al.* | |
| Defendants. | |

### I.   INTRODUCTION

Before the Court are Plaintiff Kramer's Objection/Appeal of Magistrate Judge Brenda Weksler's Order Granting Motion to Stay Discovery and Denying Motion to Conduct Discovery, ECF No. 59; Plaintiff Kramer's Motion to Amend Complaint, ECF No. 60; and Magistrate Judge Brenda Weksler's Report and Recommendation ("R&R") that Plaintiff Kramer's Motion to Amend Complaint be denied, ECF No. 76.

For the reasons discussed below, the Court: denies Plaintiff Kramer's Objection/Appeal of Magistrate Judge Brenda Weksler's Order Granting Motion to Stay Discovery and Denying Motion to Conduct Discovery; accepts and adopts in full Magistrate Judge Weksler's R&R that Plaintiff Kramer's Motion to Amend Complaint be denied; and dismisses Plaintiff's Complaint, ECF No. 1, with prejudice.

### II.   BACKGROUND

On June 3, 2021, Plaintiff filed a Complaint against Defendants JPMorgan Chase Bank N.A. ("JPMorgan"), and Kent F. Larsen and Smith Larsen & Wixom (together, "Larsen") for committing fraud on the court in a prior action before another judge in the District of Nevada. ECF

No. 1.[1] The Complaint alleges that, in that prior action, Defendants fabricated (1) evidence related to Plaintiff's real property at 1740 Autumn Glen Street, Fernley, Nevada 89408 ("the real property") and (2) presented that fabricated to the Court to obtain judgment in their favor so they could unlawfully foreclose and sell the real property. Id. The Complaint alleges three causes of action against Defendants for: (1) fraud upon the court[2]; (2) "extrinsic/intrinsic" fraud pertaining to false representations and failure to disclose material evidence; and (3) for punitive damages because of Defendants' fraudulent conduct. Id. As such, the Complaint seeks to vacate the May 17, 2018 judgment of the district court judge in the prior action, compensatory and punitive damages, "interest at the rate of 10% annum," and reasonable attorney's fees. Id.

The Complaint was originally filed in the United States District Court for the Northern District of California. See id. On July 8, 2021, Defendant JPMorgan filed a motion to dismiss the Complaint, based on improper venue and for failure to state a claim grounds. ECF No. 5. A response and reply followed. ECF Nos. 7, 9. On August 10, 2021, Defendant Larsen filed its own motions for, inter alia, failure to state a claim, transfer of venue to the District of Nevada, and dismissal based on improper venue. A response followed on August 24, 2021. ECF No. 16. The Northern District of California granted Defendant Larsen's motion to transfer this action to the District of Nevada and declined to reach the other motions, including those filed by Defendant JPMorgan. See ECF No. 20. This action was then transferred and assigned to the Court. ECF No. 21.

In September 2021, Defendant Larsen filed motions to stay discovery, pending the outcome of Defendants' remaining motions. See ECF Nos. 27, 29. A response and reply were filed. ECF Nos. 31, 35. On December 13, 2021, the Court granted Defendant Larsen's motion to stay discovery. ECF No. 56. On December 29, 2021, Plaintiff filed an objection/appeal to Magistrate Judge Weksler's order staying discovery, under Local Rule IB 3-1. ECF No. 59. Responses were filed. ECF Nos. 61, 64.

---

[1] That action is captioned Leo Kramer v. JPMorgan Chase Bank, N.A., No. 18-cv-00001-MMD-WGC (D. Nev.) (hereinafter, "prior action"). Defendant Larsen represented Defendant JPMorgan in the prior action.

[2] The Court construes, based on the Complaint, that this cause of action is raised pursuant to Federal Rule of Civil Procedure 60(d).

A week after the Court granted Defendant Larsen's motion to stay discovery, Plaintiff filed a motion for leave to file an amended complaint because of newly discovered material evidence. See ECF No. 57. On December 27, 2021, the Court denied the motion without prejudice and ordered the parties to confer regarding Plaintiff's motion to amend. ECF No. 58. On January 12, 2022, after the parties met and conferred, Plaintiff filed a renewed motion to amend the Complaint, including supplemental exhibits. ECF Nos. 60, 63. Defendants responded on January 26, 2022, ECF Nos. 68, 69, 70, 71. Plaintiff replied on February 2, 2022. ECF Nos. 73, 74.

On August 29, 2022, Magistrate Judge Weksler entered a R&R on Plaintiff's Motion to Amend, recommending denial of the motion. ECF No. 76.[3] Plaintiff and Defendant Larsen filed objections. ECF Nos. 80, 81.

This Order follows.

### III. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).

### IV. DISCUSSION

   a. Magistrate Judge's Order Staying Discoery

---

[3] That same day, Magistrate Judge Weksler noted that it was the Court's understanding that the Northern District of California declined to reach Defendant JPMorgan's motion to dismiss because of its order transferring this case to the District of Nevada. ECF No. 75. Accordingly, the Court would rule on Defendant JPMorgan's "motion to dismiss in the ordinary course." Id. Further, it was also the Court's understanding that, when the Northern District of California "transferred the case to this District, it [wa]s this Court's belief that any request for dismissal at ECF No. 12 [by Defendant Larsen] was denied . . . [, and to] the extent the Larsen Defendants th[ought] otherwise, they [we]re free to petition the Court." Id. Plaintiff and Defendant Larsen subsequently filed motions, objections, and responses. See, e.g., ECF Nos. 77, 78, 79, 82, 83, 84, 85, 86, 87.

The Court first addresses Plaintiff's Local Rule IB 3-1 objection/appeal to Magistrate Judge Weksler's order staying discovery. Plaintiff argues that the order: omitted material facts and procedure to improperly determine that Plaintiff's instant action was precluded; denied Plaintiff due process because she has been unable to conduct discover, including depositions; and improperly "peeked," or signaled, the Court's decision on whether Plaintiff's Complaint plausibly stated a claim for relief. Plaintiff's arguments lack merit.

The Court finds that Magistrate Judge Weksler properly granted Defendant Larsen's motion to stay discovery. The Court first agrees with Magistrate Judge Weksler that Defendants' pending motions to dismiss Plaintiff's Complaint are dispositive and that discovery is not needed to resolve them. See Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion."). The Court disagrees that the Magistrate Judge materially omitted any facts in her consideration to stay to discovery. The Court also finds that Magistrate Judge Weksler provided a proper justification for ordering the stay given her conclusion that Plaintiff's Complaint was unlikely to state a claim for relief because the Court of Appeals for the Ninth Circuit had already issued a ruling concluding that Plaintiff had failed to show that Defendants committed a fraud on the court. See Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) ("A district court may limit discovery for good cause, and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." (citations omitted)).

Accordingly, the Court denies Plaintiff's objection/appeal and affirms the magistrate judge's order.

### b. *The Magistrate Judge's R&R on Plaintiff's Motion to Amend and the Parties' Objections*

The Court now addresses the Magistrate Judge's R&R, concerning Plaintiff's motion for leave to amend, and the parties' objections to it. Plaintiff's motion for leave to amend seeks to add new claims for intentional misrepresentation, negligent misrepresentation, mail fraud, RICO, and other equitable relief. Plaintiff also seeks to add allegations of "newly discovered [e]vidence of mail fraud" further demonstrating that Defendants provided the court in the prior action fabricated

evidence. ECF No. 60 at 4. The proposed amended complaint alleges that (1) Defendants engaged in fraudulent conduct right before the May 17, 2018 judgment against Plaintiff was entered, and that Plaintiff only discovered the evidence about this fraud after the court in the prior action entered the judgment. The allegations of this new evidence come from information discovered by a private investigator named William Paatalo, hired by Plaintiff in May 2019, confirming, as early as 2019, that Defendants fabricated the Assignment of Deed of Trust recorded on the real property.

Magistrate Judge Weksler recommended that the Court deny Plaintiff's motion to amend because Plaintiff unduly delayed bringing the motion, the delay is prejudicial to Defendants, and amendment would be futile. Plaintiff and Defendant Larsen noticed their objection to the Magistrate Judge's report within the required deadline. Accordingly, the Court will review the Magistrate Judge's Recommendation de novo. As Plaintiff proceeds pro se, this Court will also broadly construe her objection to apply to all legal conclusions reached by the Magistrate Judge.

Defendant Larsen raises a limited objection to the R&R's finding that Plaintiff has not acted in bad faith and Magistrate Judge Weksler's "personal remark" acknowledging Plaintiff's frustration with having the real property foreclosed. Plaintiff raises a number of objections to the Magistrate Judge's R&R. Plaintiff, inter alia, argues that: because Plaintiff did not consent to the Magistrate Judge's jurisdiction, the R&R is null; the R&R seeks to unlawfully create a right for Defendants even though they committed fraud on the court; and the R&R fails to show that Plaintiff has acted in bad faith seeking to amend the complaint, that Defendants would be prejudiced, or that amending the Complaint would be futile.

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion to amend "is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim." DCD Programs, Ltd. V. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). When considering whether to grant a motion seeking leave to amend a complaint, the Court may consider whether there is (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility in amendment; and (5) whether the Plaintiff has previously amended the complaint. Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). Leave to amend

should be denied if the proposed amendment is futile. Carrico v. City & Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011).

Upon reviewing the parties' motions, the R&R, and the underlying briefs, the Court finds good cause to accept Magistrate Judge Weksler's Recommendation. The Court agrees with the Magistrate Judge that plaintiff is not acting in bad faith and finds that this is Plaintiff's first attempt at amending her Complaint. The Court, however, concludes that Plaintiff's motion to amend would cause undue delay. Indeed, Plaintiff had access to the newly discovered evidence she alleges forms the basis of her fraud on the court claim before she filed her Complaint in this instant action. As the Magistrate Judge concluded, Plaintiff could have certainly included this newly discovered information in her Complaint filed in June 2021.[4] Accordingly, the Court finds that this undue delay would prejudice Defendants, as they have already filed motions that are pending resolution.

Importantly, the Court agrees with Magistrate Judge Weksler that amendment would be futile because Plaintiff's claims are indeed precluded based on the prior action in the District of Nevada. Also known as "res judicata," claim preclusion "is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC, 946 F.3d 542, 545 (9th Cir. 2019).

The primary claim in the prior action was that Defendant JPMorgan acted fraudulently to foreclose the real property in question. After the court entered Judgment on the merits in favor of Defendant JPMorgan, Plaintiff filed a motion for relief from the Judgment under Federal Rule of Civil Procedure 60(d), alleging that Defendant JPMorgan and its attorneys engaged in fraudulent conduct. The court denied the motion for failing to provide a valid basis entitling Plaintiff to such relief. Plaintiff appealed, and the Ninth Circuit affirmed the denial. Thus, the claims asserted in the prior action are identical to the one's asserted in this instant action. Therefore, there is identity of claims between both actions. Second, as Plaintiff asserts, there was a final judgment on the merits in the prior action on May 17, 2018. Plaintiff's unsuccessful appeals challenging that judgment do not change this.

---

[4] Plaintiff's Rule 60(d) motion, filed in the prior action on December 23, 2019, raised this newly discovered information as a basis for granting her relief from the court's May 17, 2018 Judgment.

Third, the Court finds that there is privity between parties. "[P]rivity is a flexible concept determined" to exist when parties share a "sufficient commonality of interest," Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1081 (9th Cir. 2003), and "are so closely aligned in [their] interest[s] that one is the virtual representative of the other." Irwin v. Mascott, 370 F.3d 924, 929 (9th Cir. 2004). Here, Plaintiff and her husband were Plaintiffs in the prior action. While Defendant JPMorgan was a defendant in the prior action, Defendant Larsen was not. Nonetheless, Defendant Larsen represented Defendant JPMorgan in the prior action. Defendant Larsen's legal representation, during that prior action, became the subject of Plaintiff's fraud on the court allegations following the May 17, 2018 Judgment in the prior action and is also now the subject of Plaintiff's claims in this instant action. Thus, Defendants JPMorgan and Larsen "share a sufficient commonality of interest" in seeking to defend against the fraud on the court allegations raised against them in this action, as they did in the prior action. Accordingly, the Court agrees with the Magistrate Judge Weksler that there is privity between Defendants.

The Court therefore accepts and adopts the R&R in full and denies Plaintiff's Motion to Amend. See 28 U.S.C. § 636(b)(1) (stating that a district court must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made).

Lastly, because the Court finds that amendment is futile, as Plaintiff's claims are barred by the claim preclusive effect of the prior action, Plaintiff's Complaint is dismissed with prejudice. See Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) (explaining that a district court may deny leave to amend "where the amendment would be futile, or where the amended complaint would be subject to dismissal" (citations omitted)).

//

//

### V. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint (ECF No. 1) is DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff Kramer's Objection/Appeal of Magistrate Judge Brenda Weksler's Order Granting Motion to Stay Discovery and Denying Motion to Conduct Discovery (ECF No. 59) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff Kramer's Motion to Amend (ECF No. 60) is DENIED as futile.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 76) is ACCEPTED and ADOPTED in full.

**IT IS FURTHER ORDERED** that all pending motions and objections are denied as moot.

The Clerk of the Court is instructed to enter judgment accordingly and to close the case.

**DATED:** September 30, 2022

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**